THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY M. WATSON, Defendant-Appellant.

Second District (2nd Division) No. 75-149

Opinion filed February 6, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Roy M. Watson, was indicted by a Du Page County grand jury for the offenses of burglary and possession of burglary tools. He was convicted of both offenses by a jury and granted probation. Subsequently his probation was revoked and he was sentenced to two concurrent terms of two to six years on the above convictions. He argues on appeal that he cannot be sentenced for both of the above offenses and that in any event the sentence for possession of burglary tools must be reduced to one to three years.

■■ Burglary and possession of burglary tools are separate acts not arising from the same conduct unless the possession is shown to be exclusively for the purpose of committing that burglary for which one is convicted. (*People v. Myles*, 132 Ill. App. 2d 962.) In *Myles*, the defendant could not be convicted and sentenced for both burglary and possession of burglary tools because the State specifically relied on the burglary charge to prove the possession of burglary tools, thus indicating that the tools were possessed solely for the purpose of committing that particular burglary. There is no indication in the instant case that the two offenses are so directly related, so the concurrent sentences should stand.

As to the sentence for possession of burglary tools, the State concedes that it must be reduced to one to three years. See Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(5), (c)(5).

For the foregoing reasons, the judgment of the Circuit Court of Du Page County is affirmed and the sentence is modified.

Judgment affirmed; sentence modified.

T. J. MORAN and GUILD, JJ., concur.